Opinion delivered March 29, 1875, by
Walker, J.
This is a scire facias on the recognizance of John Griffith, the bail of William Robert and wife, in a suit brought against them by plaintiff, John A. Tobin, before a justice of the peace, and removed into this court by certiorari, and entered to No. 92 June T., 1874.
The record shows, that on 20 July, 1874, on motion of B. Bryson McCool, the court directed a non pros in this case to be entered under the 27th rule of court.
On 1 February, 1875, the present scire facias against Griffith was issued to No. 475 March T., 1875, and on 8 March, 1875, judgment was taken for $67 in default of appearance.
This rule is, therefore, to set aside the judgment, on the ground that in a case like the present no judgment can be taken against the bail in this const. It is a question of law that must be decided wholly by inspection of the record, and therefore the other reasons, which appeal to the discretion of the court, will not be considered.
*6 It is contended that there is no legal judgment in this court upon which a scire facias sur recognizance could issue, because the record shows that the certiorari No. 92 June T., 1874, was non prossed, and under the decision of Welker v. Welker, 3 Pa. Rep. 21, the record must be returned to the justice to proceed thereon.
Gibson, C. J., says in Welker v. Welker, that it never was the practice to treat the non pros as a final judgment for the money, and in this respect there has been no difference between a writ of error and a * certiorari, while in the case of affirmance the debt has been collected by an execution from the Common Pleas, the practice has been general, if not universal, to collect it in the case of a non pros by execution from the justice.
In Long v. Shilly, 1 Foster, 269, I examined carefully this question and arrived at the conclusion that a judgment of a justice of the peace, affirmed or reversed on certiorari is final, and execution may issue out of the Court of Common Pleas, except where the proceedings are non prossed, in which case the record must be remitted to the justice to proceed according to law.
The entry of the judgment by the Prothonotary, after non pros, was irregular, and therefore no scire facias upon it could properly issue out of this court.
For these reasons the rule is made absolute.